Matthew J. Jasen, J.
Defendant, County of Erie, moves pursuant to CPLR 3211 (subd. [a], (par. 8) to dismiss the complaint against it upon the grounds that the plaintiffs failed to serve the summons in this action in accordance with CPLR 311 (subd. 4), and within the time as required by section 50-i of the General Municipal Law.
The accident purportedly giving rise to this cause of action arose on September 26,1965.
Plaintiffs contend that “ during the first week of July 1966,” service of a summons and complaint in this action was made upon “ a secretary of the County Attorney’s office.”
No answer was interposed by the county and during October and November, 1966, plaintiffs’ attorney alleges he had his *367 secretary telephone the office of the County Attorney on several occasions to make inquiries as to why an answer had not been served. Subsequently, plaintiffs ’ attorney states that he *1 had a conversation with Attorney Fred Buscaglia of the County Attorney’s Office, who informed him that he would check the matter.”
Thereafter, he was informed that the County Attorney’s file indicated that no service had been made upon the County Attorney. On January 9, 1967, the County Attorney received by registered mail a copy of the summons and complaint in this action.
Upon the facts and circumstances presented, this court must find that the alleged service of the summons and complaint on a secretary at the County Attorney’s office “ during the first week of July 1966,” was not served in the manner provided by statute.
CPLR 311 provides for the manner of service of a summons upon a county, as follows:
“ Personal service upon a * * * governmental subdivision shall be made by delivering the summons as follows: # # #
“ 4. upon a county, to the chairman or clerk of the board of supervisors, clerk, attorney, or treasurer ’ ’.
Here, concededly, the alleged service was not made personally upon the County Attorney or upon an acting or deputy County Attorney in his absence, but “on a secretary at the County Attorney’s Office.” Such a service was not in accordance with CPLR 311 (subd. 4), and therefore, the court acquires no jurisdiction over the defendant County of Erie.
Likewise, by reason of section 50-i of the General Municipal Law, the time within which to commence Maurice Berment’s derivative cause of action, as father and natural guardian of the two infant plaintiffs, Jane and Lorraine Berment, has expired.
However, section 50-i is not a bar to the infants’ causes of action (CPLR 208; Bernal v. Baptist Fresh Air Home Soc., 275 App. Div. 88, affd. 300 N. Y. 486).
Accordingly, the motion should be granted.